## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| Mary Garcia | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF** |
| Bay Area Credit Service, LLC | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff, Mary Garcia, ("Mary"), is a natural person who resided in Arlington, Texas, at all times relevant to this action.

2. Defendant, Bay Area Credit Service, LLC, ("BACS"), is a California Limited Liability Company that maintained its principal place of business in Atlanta, Georgia, at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### STATEMENT OF FACTS

5. BACS uses a predictive dialer system.

6.  Before BACS began contacting Mary, it and Mary had no prior business relationship and Mary had never provided express consent to BACS to be contacted on her cellular telephone.

7.  BACS regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8.  The principal source of BACS's revenue is debt collection.

9.  BACS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, BACS contacted Mary to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Mary is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, BACS willingly and knowingly used an automatic telephone dialing system to call Mary on her cellular phone multiple times in violation of the TCPA.

14. Around September 2014, BACS contacted Mary on Mary's cellular telephone in connection with the collection of the debt.

15. Around September 2014, Mary communicated her desire that BACS cease contacting her.

16. Despite being notified of this desire, the debt collector continued to call Mary on Mary's cellular telephone in connection with the collection of the debt.

17. On more than one occasion, Mary communicated her desire that BACS cease calling her.

18. BACS caused Mary emotional distress.

19. BACS attempted to collect a debt from Mary.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 19 above as if fully set forth herein.

21. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 19 above as if fully set forth herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 19 above as if fully set forth herein.

25. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

26. Plaintiff re-alleges and incorporates by reference Paragraphs 14 through 19 above as if fully set forth herein.

27. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

By:    /s/ Robert C. Newark, III
One of Plaintiff's Attorneys

Date: December 31, 2014

*Of Counsel*
Robert C. Newark, III, Esq.
Texas Bar No. 24040097
9813 Rail Road St.
Midwest City, OK 73130
Phone: 405-204-0047
Email: Rob.newark@yahoo.com